## R. Hunter Craig, James R. Begg and James Simpson Craig, Copartners under the Firm Name and Style of R. Hunter Craig & Company, v. Harrison-Switzer Milling Company.

1. INSTRUCTIONS—*Duty of Broker in Selling Commodities.*—The court gave the following instruction asked for by plaintiff, modifying it by adding the words in italics: "The court instructs the jury that if you believe from the evidence that plaintiffs refused to accept the flour shipped to them by defendant, or any part thereof, and that defendant consented to such refusal and ordered plaintiffs to sell the same or any part thereof for its account, and that plaintiffs did so sell said flour after reasonable and diligent effort, *at the highest price for said flour at the time of said sales,* then you will find for the plaintiffs in an amount equal to the difference between the amount advanced by plaintiffs on account of the draft against rejected flour and the net amount you find was realized by plaintiffs from the sale of such flour for the account of the defendant." *Held,* that the court erred in modifying the instruction. The contract was that plaintiffs should sell the flour "for the highest obtainable price." This contract imposed no greater duty or burden than the law imposes in the ordinary case between a commission broker and his customer. The broker must exercise reasonable and diligent effort, and when he has done that, he has done all the law requires, and if plaintiffs did that in this case, they have done all that their contract requires. It means, the highest price obtainable by reasonable and diligent effort; that and no more.

Assumpsit.—Error to the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1902. Reversed and remanded. Opinion filed September 11, 1902.

Daniel G. Taylor, Marshall W. Weir, E. S. Robert and D. W. Robert, attorneys for plaintiffs in error.

Wise & McNulty, attorneys for defendant in error.

Mr. Justice Creighton delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of St. Clair County, by plaintiffs in error against defendant in error. The pleas were the general issue and set-off. Trial by jury. Verdict in favor of defendant in error. Judgment on the verdict against plaintiffs in error for costs.

The following is a statement of so much of the facts of this case as appears to us necessary for the purposes of this opinion. Plaintiffs in error are copartners, doing business in Glasgow, Scotland, engaged in handling and selling flour on their own account and on commission. Defendant in error is a corporation with its place of business at Belleville, St. Clair county, Illinois, engaged in manufacturing and selling flour. In August, 1897, defendant in error sold to plaintiffs in error, to be delivered at Glasgow, Scotland, a quantity of flour called "Patron," at 31s. and 9d. per 280 lbs., and a quantity of another kind of flour called "Red Star," at 29s. per 280 lbs. In pursuance of custom defendant in error drew a draft with bills of lading attached, on plaintiffs in error for the full price of the flour, which plaintiffs in error paid, but notified defendant in error that it had shipped just twice as much flour as plaintiffs in error had bought. When the flour arrived plaintiffs in error claimed that it was not up to the grade of the samples and so notified defendant in error. After considerable correspondence by cable and letters, it was finally agreed that plaintiffs in error should sell the remaining 750 sacks of flour on account of defendant in error "for the highest obtainable price." In pursuance of this agreement plaintiffs in error sold the flour, and the testimony tends to show that they exercised a high degree of diligence and made unusual efforts to obtain as high a price as possible for it. They sold it out in small lots and reported the sales from time to time as they were made. Defend-

ant in error received these reports in due course and entered neither objection nor protest. The result of these sales was that they produced a sum less than it would have pro-. duced at the rate of the original contract price, and less than the amount of· the draft which plaintiffs in error had paid prior to the arrival of the flour. Plaintiffs in error rendered an itemized account and demanded that defendant in error reimburse them. This defendant in error refused to do and thereupon plaintiffs in error commenced their suit. There were some small items in dispute on the trial in the Circuit Court, as to which errors are assigned, not embraced in the foregoing statement, but we do not consider them of sufficient importance to require separate statement and discussion.

Plaintiffs in error contend that the court erred in admitting any evidence in support of the plea of set-off. This question need not be further discussed than to say that all the competent evidence admitted on behalf of defendant in error as to this branch of the case was competent by way of recoupment under the general issue. It is so well established in this state that in an action of assumpsit a defendant may, under the general issue, recoup unliquidated damages arising out of the contract, or out of the subject-matter of the suit, that no authority need be cited in support of the proposition. All that was effected here was recoupment. If the verdict returned by the jury and the judgment rendered by the court involved a set-off, then it would be our duty to discuss the questions raised by counsel, and they would be interesting questions, too.

It is also insisted that the court erred in admitting the testimony of certain witnesses as to the market value of the particular brands of flour in question, in the city of Glasgow, Scotland, upon the dates the flour in question was sold. No witness is competent to testify to the market value of a particular commodity at a particular time and place, until the fact has been established to the satisfaction of the court that such witness knows what the prevailing price for the commodity in question was, at the particular time and in

Craig v. Harrison-Switzer Milling Co.

the particular place in question. None of the witnesses who testified on behalf of defendant in error as to market value, measure up to the requirements of the rule, except Mr. Imbs.

Counsel for plaintiffs in error asked the court to give to the jury an instruction, which the court refused to give as asked, but which the court modified and gave as modified. The words in italics are the words the court inserted by way of modification. As modified the instruction is as follows:

" 3a. The court instructs the jury that if you believe from the evidence that plaintiffs refused to accept the flour shipped to them by defendant, or any part thereof, and that defendant consented to such refusal and ordered plaintiffs to sell the same or any part thereof for its account, and that plaintiffs did·so sell said flour after reasonable and diligent effort, *at the highest market price for said flour at the times of said sales*, then you will find for the plaintiffs in an amount equal to the difference between the amount advanced by plaintiffs on account of the draft against rejected flour and the net amount you find was realized by plaintiffs from the sale of such flour for the account of the defendant."

The court erred in modifying the instruction. The contract was that plaintiffs should sell the flour " for the highest obtainable price." This contract imposed no greater duty or burden than the law imposes in the ordinary case between a commission broker and his customer. The broker must exercise reasonable and diligent effort, and when he has done that, he has done all the law requires, and if plaintiffs in error did that in this case, they have done all that their contract requires. It means, the highest price obtainable by reasonable and diligent effort; that and no more.

The judgment of the Circuit Court is reversed and the cause remanded.